**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

|  |  |  |
|---|---|---|
| DEMPSEY WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| Cert Team Officers TRAVIS WILLIAMS | : | NO. 1:13-CV-96-WLS-TQL |
| and EDDIE McDANIEL, Lieutenant | : | |
| RUSSELL HOLLMAN, and Warden | : | |
| JOHN T. JEANES, | : | |
| | : | |
| Defendants. | : | **ORDER                &
RECOMMENDATION** |

Plaintiff **DEMPSEY WILLIAMS**, currently confined at Calhoun State Prison ("CSP"), filed this 42 U.S.C. § 1983 lawsuit (Doc. 1).   In compliance with the Court's prior Order (Doc. 5), Plaintiff has submitted a supplement to his complaint (Doc. 7).

This Court previously granted Plaintiff's request to proceed *in forma pauperis* and waived the initial partial filing fee.   Plaintiff is nevertheless required to pay the full $350.00 filing fee, as is discussed below.   The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of CSP.

## I.   *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner

1

complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a

litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.   BACKGROUND

Plaintiff's claims arise out of an alleged act of excessive force that occurred as prison officials were breaking up a December 26, 2012 disturbance among inmates, including Plaintiff. Defendant Cert Team Officers Travis Williams and Eddie McDaniel allegedly twice picked Plaintiff up and slammed him to the floor of the gym. Plaintiff states Defendant Lieutenant Russell Hollman instructed Williams and McDaniel to harm Plaintiff. Plaintiff sues Defendant Warden John T. Jeanes because "he is warden" and "all things that his staff does falls back on him." Plaintiff further states that Jeanes "signs off" on all incident reports and that the cert team "only answer[s]" to him.

Plaintiff also alleges that after the above incident, he was denied medical attention for his broken hip. Plaintiff does not, however, connect the alleged denial of medical care to any Defendant.

## III. DISCUSSION

### A.   Warden John T. Jeanes

Warden Jeanes cannot be held liable under section 1983 merely by virtue of his

supervisory position.   *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir.2003) (holding that supervisory officials may not be held liable under section 1983 solely on a theory of *respondeat superior*).   Moreover, Jeanes's learning of the incident in question after it occurred through his reviewing incident reports does not support a claim against Jeanes.   *See Johnson v. Hinsley*, 2010 WL 966651, *5 (N.D. Ga. March 12, 2010) (citing *Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir.1983)) ("... the failure to investigate an accident/incident, without more, does not violate any constitutional rights."); *Pride v. Danberg*, 2009 WL 151535, *3 (D.Del. Jan.22, 2009) ("... any participation by Defendants in the after-the-fact review of [plaintiff's] complaints is not enough to establish personal involvement."); *Ward v. Scribner*, 2006 WL 1651697, *4 (E.D.Cal. June 12, 2006) ("Plaintiff's bare allegation indicating that [the] defendant ... knew something had occurred is insufficient to impose liability ... for use of excessive force...."). Plaintiff has therefore failed to allege a colorable *respondeat superior* claim against Defendant Warden Jeanes. Accordingly, it is hereby **RECOMMENDED** that Jeanes be **DISMISSED** as a Defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), the Plaintiff may file written objections to the above recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.

### B.   Cert Team Officers Travis Williams and Eddie McDaniel and Lieutenant Hollman

It is by no means clear that Plaintiff's Eighth Amendment claim will ultimately be successful.1   Liberally construing Plaintiff's allegations in his favor, however, the Court will allow said claim to go forward at this time against Williams, McDaniel, and Hollman. Accordingly, it is hereby **ORDERED** that service be made on said Defendants and that they file an

---

1  It is also unclear whether Plaintiff has fully exhausted his administrative remedies or whether such exhaustion should be excused.   Defendants may raise this issue in their answer or other responsive pleading,

Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the ***Prison Litigation Reform Act***.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings,

and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be

required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

**<u>PLAINTIFF'S OBLIGATION TO PAY FILING FEE</u>**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED AND RECOMMENDED**, this 3rd day of July, 2013.


s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

cr