**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DEMPSEY WILLIAMS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-96 (WLS) |
| JOHN T. JEANES, *et al.*, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed July 3, 2013 (Doc. 8). Therein, Judge Langstaff recommends dismissing the claim against Defendant Jeanes pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Judge Langstaff recommends permitting the claims against Defendants Williams, McDaniel, and Hollman to proceed. Plaintiff did not file an objection to the Recommendation. (*See generally* Docket.)

On June 4, 2013, Plaintiff filed the instant complaint. (Doc. 1.) Therein, Plaintiff asserted that, following a disturbance in the prison gym, correctional officers used excessive force and, as a result, he suffered various injuries. (*Id.* at 5.) Plaintiff claims that Defendants Williams and McDaniels picked him up and slammed him onto the floor twice while Defendant Hollman watched and encouraged their actions. (Doc. 7 at 2.) Plaintiff also alleges that he was denied adequate medical care, but does not name the individuals responsible. (*See id.*)

1

In his Recommendation, Judge Langstaff recommends permitting the claims against Defendants Williams, McDaniel, and Hollman to proceed because Plaintiff has alleged sufficient facts to survive a preliminary frivolity review on the basis of a deliberate indifference claim.  (*See* Doc. 8 at 4-5.)  However, Judge Langstaff recommends dismissing Defendant Jeanes from this suit because Plaintiff has not alleged sufficient facts to permit a *respondeat superior* claim against him to proceed. (*Id.* at 4.)  Plaintiff claimed that Defendant Jeanes should be held responsible for the actions of the other Defendants merely because of his position as warden.  (Doc. 7 at 1-2.)  The Court agrees with Judge Langstaff that Plaintiff's assertion is incorrect and Plaintiff has failed to allege facts sufficient for such a claim against Defendant Jeanes.

Accordingly, United States Magistrate Judge Thomas Q. Langstaff's July 3, 2013 Order and Recommendation (Doc. 8) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.

"[W]here a more carefully drafted *pro se* complaint might state a claim the 'plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' "  *See Bettencourt v. Owens*, No. 11-15036, 2013 WL 5450978, *4 (11th Cir. Oct. 2, 2013) (citing *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991)).  The Eleventh Circuit "place[s] a heavy thumb on the scale in favor of" giving *pro se* litigants the opportunity to amend.  *Id.*  The decision should be made in light of "the purpose of pleading[, which] is to facilitate a proper decision on the merits." *Id.* (citing *Bank*, 928 F.2d at 1112).  Based on the foregoing, the claim against Defendant

Jeanes is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The claims against Defendants Williams, McDaniel, and Hollman may proceed.

**SO ORDERED**, this  15th  day of January 2014.

                                         /s/ W. Louis Sands
                                         **W. LOUIS SANDS, JUDGE**
                                         **UNITED STATES DISTRICT COURT**