IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DEMPSEY WILLIAMS, | : |
| Plaintiff, | : |
| VS. | : |
| | :    **1 : 13-CV-96 (WLS)** |
| TRAVIS WILLIAMS, *et al.,* | : |
| Defendants. | : |

## RECOMMENDATION

    The Plaintiff filed this action in June 2013, raising allegations of excessive force and deliberate indifference to serious medical needs while housed at Calhoun State Prison. Since sending a response to Defendants' Motion to Stay and first Motion to Dismiss on September 30, 2013, the Plaintiff has taken no action in this matter and has had no contact with the Court. (Doc. 18). Copies of the Court's last two (2) Orders in this matter were mailed to the Plaintiff at his last known address January 15, 2014 and February 11, 2014, and these service copies were returned to the Clerk of Court as undeliverable. (Docs. 21, 24). In their second and most recently filed Motion to Dismiss, Defendants state that the Plaintiff was released from the custody of the Georgia Department of Corrections on January 15, 2014. (Doc. 22- 2).

    The Plaintiff has failed to diligently prosecute this action, inasmuch as he has failed to take any action on his Complaint since September 30, 2013 and has failed to keep the Court informed as to his current address. Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding

*pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff. Over six (6) months have passed since the Plaintiff's last direct contact with the Court. Additionally, Plaintiff has failed to respond to the Court's Order dated February 11, 2014 directing a response to Defendants' Motion to Dismiss, and multiple returned mailings evidence Plaintiff's failure to keep the Court informed as to his current address. The Court finds that lesser sanctions will not suffice. Inasmuch as the Plaintiff has failed to proceed in any substantive way with this lawsuit in over six (6) months, has failed to respond to the Court's notification Order, and has failed to keep the Court informed as to his current address, it is the recommendation of the undersigned that the Defendants' second Motion to Dismiss (Doc. 22) be **GRANTED** and that this action be **DISMISSED.** It is further recommended that the Defendants' first Motion to Dismiss (Doc. 14) be **DENIED** as moot. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to these recommendations with the Honorable W. Louis Sands WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 15th day of April, 2014.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE